United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re Application of

HAYASHI SURGICAL CLINIC,

Applicant.

Case No. 19-mc-80071-VKD

**ORDER RE EX PARTE APPLICATION**

Re: Dkt. No. 1

Applicant Hayashi Surgical Clinic ("HSC") has filed an ex parte application for an order

pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC

("Google"). Dkt. No. 1.

The Court grants in part and denies in part the application as discussed below.

**I.      BACKGROUND**

According the application, HSC operates a medical clinic in Fukuoka, Japan. HSC claims

that "since almost one year ago," multiple "one-star" reviews with "aggressive" comments were

posted by four different Google accounts on the Google Map review page associated with the

medical clinic. Dkt. No. 1 at 2. HSC has submitted copies of the original Japanese reviews and

the English translations of them. They are not one-star reviews, but rather two-star reviews, and

the documentation does not indicate when they were posted, although HSC's counsel declares that

they all could be viewed as of March 7, 2019. Dkt. No. 2, Exs. A, B; Dkt. No. 3 ¶ 4.

HSC says it intends to assert claims for defamation and unlawful business interference in

Japan against the person or persons who control the accounts that posted the reviews once HSC

ascertains their identities. Dkt. No. 1 at 2. HSC seeks discovery of the account users' identities

1 by subpoena to Google. *Id.*

2 **II.    LEGAL STANDARD**

3        Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or

4 testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal

5 privilege.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–

6 47 (2004).  The statute may be invoked where: (1) the discovery is sought from a person residing

7 in the district of the court to which the application is made; (2) the discovery is for use in a

8 proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or

9 an "interested person."  *Intel*, 542 U.S. at 246.

10        A district court is not required to grant an application that meets the statutory criteria, but

11 instead retains discretion to determine what discovery, if any, should be permitted.  *Id.* at 264.  In

12 exercising that discretion, the court considers several factors:

13                (1) whether "the person from whom discovery is sought is a participant in

14                        the foreign proceeding";

15                (2) "the nature of the foreign tribunal, the character of the proceedings

16                        underway abroad, and the receptivity of the foreign government or the

17                        court or agency abroad to U.S. federal-court judicial assistance";

18                (3) whether the discovery request "conceals an attempt to circumvent

19                        foreign proof-gathering restrictions or other policies of a foreign country

20                        or the United States"; and

21                (4) whether the discovery requested is "unduly intrusive or burdensome."

22 *Id.* at 264–65.

23        A district court's discretion is guided by the twin aims of § 1782: providing efficient

24 assistance to participants in international litigation, and encouraging foreign countries by example

25 to provide similar assistance to our courts.  *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376

26 F.3d 79, 84 (2d Cir. 2004).  The party seeking discovery need not establish that the information

27 sought would be discoverable under the governing law in the foreign proceeding or that United

28 States law would allow discovery in an analogous domestic proceeding.  *See Intel*, 542 U.S. at

2

1    247, 261–63.

2         Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte*

3    basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request

4    and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom*

5    *GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic*

6    *of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at \*2 (N.D. Cal. Sept. 15,

7    2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery

8    is 'authorized,' and thus the opposing party may still raise objections and exercise its due process

9    rights by challenging the discovery after it is issued via a motion to quash, which mitigates

10   concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte*

11   *Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at

12   \*2 (N.D. Cal. Mar. 24, 2016).

13        Unless the district court orders otherwise, the discovery authorized by the court must be

14   obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re*

15   *Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th

16   Cir. 1994).

17   **III.    DISCUSSION**

18        **A.    Statutory Requirements**

19        HSC's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the

20   subpoena seeks discovery from Google, which has its principal place of business in this district.

21   Second, HSC requests this discovery for use in a civil action for defamation and unlawful business

22   interference that it intends to file in Japan, as soon as it learns the identities of the Google account

23   users responsible for the negative review postings. This proceeding before a foreign tribunal

24   appears to be within reasonable contemplation. *See Intel*, 542 U.S. at 259 (adjudicative

25   proceedings need not be pending or imminent, so long as they are within reasonable

26   contemplation). Third, as the putative plaintiff in the contemplated civil action, HSC is an

27   interested person within the meaning of the statute.

28

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.** *Intel* **Factors**

Even if the Court has the authority to grant HSC's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

### 1. Participation of Target in the Foreign Proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Google will not be a party to the civil action HSC plans to bring in Japan, and the documents HSC seeks by subpoena are located in the United States. Dkt. No. 1 at 4. HSC contends that such evidence is outside the reach of a Japanese court's jurisdiction. *Id.* In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of discovery.

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "'[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved.'" *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84–85 (affirming the denial of discovery where the German government expressly objected to the

4

1    information sought due to concerns that it would jeopardize an ongoing German criminal

2    investigation, as well as German sovereign rights); *In re Ex Parte Application of Qualcomm Inc.*,

3    162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016)  (concluding that this *Intel* factor weighed

4    heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating

5    that it had no need or use for the requested discovery).

6           Here, HSC represents that Japanese courts have been receptive in other matters to

7    assistance in discovery from the United States.  *See* Dkt. No. 1 at 5.  Apart from the conclusory

8    assertion of its counsel, HSC does not provide any support for its claim that a Japanese court

9    would entertain a claim for defamation or unlawful business interference that is based on these

10   negative reviews.  However, in the absence of evidence that HSC could not state such a claim, that

11   Japanese courts would object to HSC's discovery of the information sought in the subpoena, or

12   that they object more generally to the judicial assistance of U.S. federal courts, the Court

13   concludes that this factor weighs in favor of authorizing service of the subpoena.

14                    **3.       Circumvention of Proof-Gathering Restrictions**

15          Under this factor, the Court considers whether HSC's request for discovery "conceals an

16   attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or

17   the United States."  *Intel*, 542 U.S. at 265.  "'A perception that an applicant has side-stepped less-

18   than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's

19   analysis.'"  *In re Varian Med. Sys.*, 2014 WL 1161568, at \*5 (quoting *In re Cathode Ray Tube*

20   *(CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at \*3 (N.D. Cal. Jan. 17, 2013)).

21   Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest

22   that [the applicant] is attempting to circumvent foreign proof-gathering restrictions."  *In re*

23   *Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at \*3 (N.D. Cal. Dec. 15, 2014); *see*

24   *also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at

25   \*3 (N.D. Cal. Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery

26   where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or

27   policies).

28          Mr. Shimizu, an attorney for HSC who is licensed to practice in Japan, asserts that he is

5

1   aware of no restrictions or policies under Japanese law that would limit the gathering of the

2   evidence HSC seeks here.  Dkt. No. 3 ¶ 9.  In the absence of contrary information regarding the

3   procedures acceptable to a Japanese court for identifying the Google account users, the Court

4   concludes that this factor also weighs in favor of discovery.

5                    **4.       Unduly Burdensome or Intrusive Discovery**

6          Under this factor, the Court considers whether the discovery is sought is "unduly intrusive

7   or burdensome."  *Intel*, 542 U.S. at 265.

8          HSC's proposed subpoena to Google includes three requests for documents for each of the

9   four Google accounts at issue:

10          1.  All DOCUMENTS identifying the user(s) of ALL ACCOUNTS from
               the date each Google Account was created to the present, including all
11             names, addresses (including postal codes), e-mail addresses (including
               email addresses used for recovery or other purposes), and telephone
12             numbers.

13          2.  All DOCUMENTS showing all names and addresses (including postal
14             codes) of credit card holders registered on ALL ACCOUNTS.

15          3.  All DOCUMENTS showing the access log (including dates, times, IP
               addresses, and access type) for ALL ACCOUNTS from the date which
16             is 6 months before the date of this order to the present, including the
               access log when each review, comment, photographs, videos, and/or
17             rating was posted on HSC's REVIEW PAGE and the access log for
18             each login (login histories).

19  Dkt. No. 1, Ex. A at 5.  The subpoena does not seek the content of any communications associated

20  with the accounts at issue.  *See*, *e.g.*, *Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, No. C

21  12-80242 EJD (PSG), 2013 WL 256771, at *2–3 (N.D. Cal. Jan. 23, 2013) (discussing

22  prohibitions of Stored Communications Act, 18 U.S.C. § 2701 *et seq.*).

23         HSC does not say whether the information it seeks is confidential to the account users at

24  issue, but the Court assumes that it is.  While, the first two documents requests appear to be

25  limited to information that will permit HSC to identify the account users at issue, the third request

26  is problematic.  HSC does not explain why it requires the login history and access details for each

27  of the accounts from a date that is 6 months before this Court's order to the present.  HSC

28

                                          6

1 provides no information about when the reviews at issue were posted, except to say that they were

2 posted "since almost one year ago." Dkt. No. 1 at 2. If, as it contends, HSC requires the identities

3 of the account users in order to file a civil action against them, the first two document requests in

4 the proposed subpoena are sufficient to obtain that information.

5 HSC may serve a subpoena that includes the first two document requests on Google,

6 subject to the requirements described below, affording Google and the account users an

7 opportunity to contest the subpoena.

8 **IV. CONCLUSION**

9 HSC's application meets the statutory criteria for an order authorizing service of the

10 proposed subpoena. In addition, the factors that inform the Court's exercise of its discretion under

11 *Intel* favor authorizing service of the subpoena as modified in accordance with the Court's

12 instructions above.

13 Accordingly, the Court authorizes service of a modified subpoena on Google. This order

14 does not foreclose a motion to quash or further modify the subpoena by Google following service

15 or by the Google account users whose identifying information is sought, and the Court orders HSC

16 to comply with the following requirements to ensure all interested persons have an opportunity to

17 contest the subpoena if they wish:

18 1. At the time of service of the subpoena, HSC must also serve a copy of this order on

19 Google.

20 2. Within 10 calendar days of service of the subpoena and this order, Google shall notify

21 each of the account users that their identifying information is sought by HSC, and shall

22 serve a copy of this order on each such account user.

23 3. Google and/or each account user whose identifying information is sought may, within

24 21 days from the date of the notice, file a motion in this Court contesting the subpoena

25 (including a motion to quash or modify the subpoena).

26 4. If any party contests the subpoena, Google shall preserve, but not disclose, the

27 information sought by the subpoena pending resolution of that contest.

28 5. Any information HSC obtains pursuant to the subpoena may be used only for purposes

United States District Court
Northern District of California

of the anticipated action for defamation or unlawful business interference, and HSC

may not release such information or use it for any other purpose, absent a Court order

authorizing such release or use.

**IT IS SO ORDERED.**

Dated: April 10, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California